IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>PHILIP EMANUEL,<br><br>    Defendant. | CRIMINAL CASE NO.<br>1:09-CR-393-CAP-LTW |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is presently before the Court on Defendant's Ex-Parte Motion for Permission to Proceed In Forma Pauperis. On November 8, 2010, the undersigned held a hearing on Defendant's motion. Defendant and his attorneys appeared in Court for the hearing. During the hearing, Defendant informed the Court that he had depleted his resources and was unable to afford to hire an attorney to handle his appeal. The Defendant also informed the Court that he had transferred his interest (valued at $150,000) in the marital residence to his wife to cover child support obligations through 2013. Defendant also stated that he has a $323,000 mortgage on another residence he owns that is valued between $414,000 and $441,000, and that he has $6,000 remaining

AO 72A
(Rev.8/82)

in his 401(k) pension plan.[1] In addition, Defendant states that he receives $550 a month in rental income. As a result of the value of the Defendant's residence, his rental income, and the amount in his 401(k) pension plan, this Court finds that Defendant does not appear to qualify for *in forma pauperis* status.

However, even if Defendant did qualify for *in forma pauperis* status, this Court also notes that Defendant stated in Court and indicated in his Application to Proceed in District Court without Prepaying Fees or Costs that he paid his attorneys $97,000 to represent him in his case. Docket Entry [68]. This Court notes that Defendant's initial appearance in this Court was on August 7, 2009. Docket Entry [2]. At that time, Defendant retained the services of Mr. Alfred Dixon to represent him. Docket Entry [2]. After the District Court adopted this Court's Report and Recommendation denying Defendant's Motions to Suppress Evidence, Defendant also retained the services of Ms. Lynne Borsuk.[2] Docket Entry [45]. On June 7, 2010, Ms. Borsuk filed a notice of appearance. Docket Entry [46]. Less than one year after his initial appearance, Defendant entered a guilty plea on July 27, 2010. Docket Entry [54]. While Defendant's

---

[1]Defendant stated that he would incur a fifty percent penalty if the $6000 is withdrawn from his account.

[2]Ms. Borsuk billed Defendant at an hourly rate.

2

attorneys have filed a number of motions and briefs on his behalf, based on this Court's review of the record and information provided during the hearing, the undersigned finds that the amount Defendant paid to his attorneys should also be sufficient to cover the costs of his appeal. Furthermore, retained counsel has an obligation pursuant to Eleventh Circuit Rule 46-10 to continue to represent the Defendant. Accordingly, this Court **RECOMMENDS** that Defendant's Ex-Parte Motion for Permission to Proceed In Forma Pauperis be **DENIED**.

      **SO REPORTED AND RECOMMENDED** this 9th day of November, 2010.

                              s/Linda T. Walker
                              LINDA T. WALKER
                              UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CRIMINAL CASE NO. |
| v. | 1:09-CR-393-CAP-LTW |
| PHILIP EMANUEL, | |
| Defendant. | |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the report and recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636 and this Court's Local Rule 72.1C. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), within fourteen (14) days after service of this order, each party may file written objections, if any, to the Report and Recommendation. Pursuant to Title 18, United States Code, Section 3161(h)(1)(F), **the above-referenced fourteen (14) days allowed for objections is EXCLUDED from the computation of time under the Speedy Trial Act.**

AO 72A
(Rev.8/82)

Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983), cert. denied, 464 U.S. 1050, 104 S.Ct. 729, 79 L.Ed.2d 189 (1984).

The Clerk is directed to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED**, this 9th day of November, 2010.

s/Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE